**In re CAMBRIDGE BIOTECH CORPORATION, Debtor.**

**INSTITUT PASTEUR and Pasteur Sanofi Diagnostics, Appellants,**

v.

**CAMBRIDGE BIOTECH CORPORATION,
Appellee.**

**Bankruptcy No. 94–43054–JFQ.
BAP No. MA–96–1008.**

United States Bankruptcy Appellate Panel of the First Circuit.

July 29, 1996.

Burns & Levinson LLP, Boston, MA, for Appellants.

Brown, Rudnick, Freed & Gesmer, P.C., Boston, MA, for Appellee.

Before VOTOLATO, LAMOUTTE, and VAUGHN, U.S. Bankruptcy Judges.

*ORDER IMPOSING TEMPORARY STAY*

VOTOLATO, Chief Judge.

Before the Court is the Emergency Motion of Institut Pasteur and Pasteur Sanofi Diagnostics (Pasteur) for a Stay Pending Appeal of the July 18, 1996 Bankruptcy Court Order confirming the Debtor's plan of reorganization. On July 19, 1996, Pasteur filed its Notice of Appeal and the instant Emergency Motion for Stay Pending Appeal. On July 22, 1996, the Debtor filed its opposition to a stay, and on July 24, 1996, the Appellants filed their response to the Debtor's opposition. In the last ten days the parties have filed over 1,000 pages of exhibits, memoranda, and arguments in support of their respective positions.

At issue is the proposed transfer, under the confirmed plan, of various patent licenses owned by Pasteur and granted to the Debtor on October 25, 1989. The Debtor argues, on a number of grounds, that a stay of the confirmation order will cause irreparable harm, plus monetary damages of up to $57 Million dollars. The Appellant argues that the Bankruptcy Court ignored 140 years of federal jurisprudence by confirming a plan which allows the transfer of the subject patent licenses, and that if a stay is not granted, the issue on appeal will become moot by the transferee's unauthorized/illegal use of the licenses in question.

Given the magnitude of this dispute, as well as the two year history leading up to the confirmation order and the lengthy submissions received since the filing of the appeal, this is not a matter that can or should be addressed within time constraints that have been unilaterally and arbitrarily agreed upon by the Debtor and the proposed purchaser/assignee.[1] Upon review of the pleadings, and after several deliberative sessions, we conclude that there is no prejudice by the issuance of a temporary stay, to afford the Court sufficient time to consider the issues. Accordingly, the effect of the Confirmation Order signed by the Bankruptcy Court on

---

1. The Debtor and the proposed purchaser have given themselves a window for closing this trans-
action, commencing on July 29, 1996, and ending on October 31, 1996.

July 18, 1996, is STAYED for a period of twenty-one (21) days from the date hereof. Additionally, the parties are ORDERED to submit, within seven (7) days, supplemental memoranda, not to exceed fifteen (15) pages, regarding the (amount of) Debtor's request for a bond.

SO ORDERED.